# MCKOOL SMITH

Courtney B. Statfeld
Direct Dial: (212) 402-9448
cstatfeld@mckoolsmith.com

One Bryant Park
47th Floor
New York, New York 10036

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

September 6, 2013



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 09 2013

**VIA HAND DELIVERY**
The Honorable George B. Daniels
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

RE: *Citigroup Mortgage Loan Trust 2007-AMC3, by U.S. Bank National Association, solely in its capacity as Trustee v. Citigroup Global Markets Realty Corp.*, No. 13 Civ. 2843 (GBD)

Dear Judge Daniels:

We represent the plaintiff in the above-referenced matter. As per your request, we submit this letter seeking leave to file redacted versions of its Memorandum of Law in Opposition to the Motion of Citigroup Global Markets Realty Corp. ("Citigroup") to Dismiss the Complaint (the "Opposition") via the Court's ECF system with unredacted versions of these documents to be filed under seal, for *in camera* review by the Court; and for leave to file the Declaration of Gayle R. Klein (the "Klein Declaration") and the exhibits thereto under seal, for *in camera* review by the Court. Plaintiff has consulted with Citigroup, and it is in agreement that this method is appropriate for this filing.[1]

This case relates to the Citigroup Mortgage Loan Trust 2007-AMC3 (the "Trust"), which holds residential mortgage loans. The Klein Declaration will attach as exhibits notices from the Trustee to Citigroup relating to alleged breaches of representations and warranties about the quality and characteristics of the mortgage loans ("Breach Notices"). The Breach Notices include narrative descriptions of the breaches identified, with respect to each defective loan, based on a review of, among other things, information submitted by the borrower to support his or her application for the loan. Consequently, the Breach Notices contain sensitive personal information of the borrowers of the mortgage loans that are the subject of this litigation, such as borrower credit information, addresses, and other personal information, and thus should be filed under seal pursuant to Rule 5.2 of the Federal Rules of Civil Procedure.

Additionally, Citigroup asserts in the Motion to Dismiss that the Complaint is untimely by 29 days. To refute that argument, among other things, Plaintiff intends to submit as an

---

[1] Plaintiff and Citigroup have been negotiating the terms of a proposed protective order to propose to the Court to avoid future requests and hope to submit that proposed order to the Court in the near term.

**McKool Smith**
A Professional Corporation • Attorneys
Austin | Dallas | Houston | Los Angeles | Marshall | New York | Silicon Valley | Washington, DC

Hon. George B. Daniels
September 6, 2013
Page 2

attachment to the Klein Declaration a document produced by Citigroup pursuant to a "highly confidential" designation that Plaintiff believes vitiates this allegation.[2] Citigroup contends that this document is a sensitive business document that should be protected from disclosure.

To efficiently deal with these issues, the Parties have agreed that an acceptable process would be for Plaintiff to file the redacted materials, with subsequent service of the unredacted documents by Plaintiff that same day, and a courtesy copy of the unredacted materials to be provided to the Court and the ECF clerk the following business day. *See* Email from K. O'Keefe to C. Statfeld, attached as Exhibit 1 hereto.

Accordingly, Plaintiff respectfully submits this letter requesting permission to seal and redacted the above referenced materials and requests that the Court allow it to file via ECF redacted materials, serve opposing counsel with unredacted copies the same day, and provide the Court and the ECF clerk with unredacted courtesy copies of same the following business day.

Very truly yours,

Courtney B. Statfeld

cc: Susanna Buergel, Esq.

SEP 09 2013

So Ordered:

SEP 09 2013

Honorable George B. Daniels
September 6, 2013

---

[2] The "highly confidential" designation is part of a proposed protective order that the parties are finalizing and intend to submit to the Court in short order. To facilitate Citigroup's production of the documents in question before briefing on the motion to dismiss was complete, Plaintiff agreed in good faith to comply with the terms of the proposed protective order until such time as this Court enters a protective order governing discovery. The "highly confidential" designation is, essentially, an attorneys-eyes only designation. By submitting this motion, Plaintiff does not agree that such designation is applicable to that document reserves its right to later object to same.