# McKOOL SMITH

Courtney B. Statfeld
Direct Dial: (212) 402-9448
cstatfeld@mckoolsmith.com

One Bryant Park
47th Floor
New York, NY 10036

Telephone: (212) 402-9400
Facsimile: (212) 402-9400

September 24, 2013

**VIA HAND DELIVERY AND ECF**

The Honorable George B. Daniels
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> RE: *Citigroup Mortgage Loan Trust 2007-AMC3, by U.S. Bank National Association, solely in its capacity as Trustee v. Citigroup Global Markets Realty Corp.*, No. 13 Civ. 2843 (GBD).

Dear Judge Daniels:

We represent the plaintiff, U.S. Bank, National Association, (the "Trustee") in the above-referenced action and write to bring to the Court's attention subsequent authority that support plaintiff's opposition to the pending motion to dismiss. Both decisions were issued after plaintiff submitted its opposition papers on September 6, 2013. These decisions have bearing on three of Citigroup's arguments.

***The Bank of New York Mellon, solely as Trustee for GE-WMC Mortg. Secs. Trust 2006-1 v. WMC Mortg., LLC, et al., No. 12-cv-7096 (S.D.N.Y. Sept. 12, 2013) ("GEWMC").***

On September 12, 2013, Judge Forrest denied WMC Mortgage LLC's motion to dismiss in *GEWMC*. Enclosed as Exhibit A is the transcript of Judge Forrest's bench ruling. The *GEWMC* case involves substantially similar claims as those at issue here, and WMC's motion to dismiss involved substantially similar arguments to those Citigroup makes in its pending motion.[1] Judge Forrest denied the motion in its entirety.

---

[1] WMC Mortgage, LLC's opening brief in support of its motion to dismiss is enclosed as Exhibit B.

**McKool Smith**
A Professional Corporation • Attorneys
Austin | Dallas | Houston | Los Angeles | Marshall | New York | Silicon Valley | Washington, DC

Relevant here are the Court's rulings on statute of limitations and the "sole remedy" provision. First, Judge Forrest rejected WMC's argument that the statute of limitations began to run on the "as of" date of the mortgage loan purchase agreement. Judge Forrest explained that because there was an ability to change the loan portfolio up until the closing date and, accordingly, it was unclear as to which loans actually existed in the trust until the closing date, the claims could not have accrued prior to closing date. *See* Transcript at 5:4-6:4. Because the closing date was the earliest possible date on which the claims could have accrued and the trustee's claims were timely filed when measured by that date, Judge Forrest did not need to reach the other arguments raised by the parties. The same factual circumstances exist here.

Second, Judge Forrest held that WMC's argument regarding the trustee's available remedies were premature at the pleading stage. The complaint sought damages for WMC's failure to repurchase defective loans and did not seek specific performance. Following Judge Baer's ruling in *MAST Adjustable Rate Mortgs. Trust 2006-OA2 v. UBS Real Estate Secs.*, 2013 U.S. Dist. LEXIS 115532 (S.D.N.Y. Aug. 14, 2013), cited in plaintiff's opposition at pp. 15, 22, 30, Judge Forrest explained that because the complaint sought "any other further relief that the Court may grant," and because whether the sole remedy provision precluded damages is an open question, WMC's argument must be rejected at the pleading stage. *See* Transcript at 8:7-9:14.

***Home Equity Mortg. Loan Trust Series 2006-5, by U.S. Bank N.A., in its capacity as Trustee v. DLJ Mortg. Cap., Inc.*, No. 653787/2012 (N.Y. Sup. Ct. Sept. 23, 2013) ("*Home Equity*").**

On September 23, 2013, the Supreme Court of New York issued an opinion relevant to Citigroup's argument regarding the sufficiency of the Trustee's allegations that Citigroup failed to provide notice of breaches of representations and warranties when it discovered them. In *Home Equity*, enclosed as Exhibit C, Justice Schweitzer denied the motion to dismiss a breach of contract claim against a loan servicer based on the servicer's failure to provide notice upon its discovery of breaches of representations and warranties. The pooling and servicing agreement at issue in *Home Equity*, like the PSA here, required any party that discovers a breach of representation and warranty to give prompt notice to the other parties. *Home Equity*, slip op. at 8; PSA at § 2.03(a); MLPA § 6. The plaintiff alleged that the servicer discovered breaches during the course of servicing loans—when "reviewing the loans, assessing the borrower's ability to pay off the loans, modifying the loans, and releasing the loans"—because at those points the servicer would have to re-underwrite the loans. Judge Schweitzer explained that these allegations were sufficient to survive a motion to dismiss because the complaint "not only claims that [the servicer] has breached the PSA by failing to notify the other parties of the discovered breaches, but it also specifies the process by which [the servicer's] obligations under the PSA led it to discover the breached representations." *Id.* at 9.

Here, the Trustee alleged not only that Citigroup breached the PSA by failing to notify the other parties of the discovered breaches, but also described the process by which Citigroup's obligations under the relevant agreements led it to discover the breached representations. *See* Compl. at ¶¶ 4, 43-49. Thus, the Trustee's allegations describing Citigroup's due diligence process and the results thereof parallel (indeed, exceed) those sustained by Justice Schweitzer.

Respectfully submitted,

Courtney Statfeld

Enclosures

cc: Brad Karp, Esq.
     Susanna Buergel, Esq.
     Kevin O'Keefe, Esq.