UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

CITIGROUP MORTGAGE LOAN TRUST 2007-
AMC3, by U.S. BANK, NATIONAL
ASSOCIATION, solely in its capacity as Trustee,

      Plaintiff,

  -against-

CITIGROUP GLOBAL MARKETS REALTY
CORP.,

      Defendant.

------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 14 2014

MEMORANDUM DECISION
AND ORDER

13 Civ. 2843 (GBD)

GEORGE B. DANIELS, United States District Judge:

  Plaintiff Citigroup Mortgage Loan Trust 2007-AMC3 (the "Trust"), through its Trustee, U.S. Bank, National Association, brought this action, alleging breaches of two interrelated contracts between the parties, the Pooling and Servicing Agreement ("PSA") and the Mortgage Loan Purchase Agreement ("MLPA") (together, the "Agreements"). (Complaint, ECF No. 1.[1]) Plaintiff asserted three claims of breach of contract, seeking: (1) specific performance of the Agreements for those defective loans identified in a January 28, 2013 breach notice (the "Noticed Loans"); (2) damages for failure to cure or repurchase these Noticed Loans; and (3) specific performance and damages for breaches of representations and warranties ("R&Ws") that the Defendant allegedly discovered in defective loans not identified or noticed by Plaintiff (the "Non-Noticed Loans"). (Id. ¶¶ 56-83.) Defendant Citigroup Global Markets Realty Corp. ("Citigroup") moved to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Motion to Dismiss, ECF No. 12.) By order dated March 31, 2014, this Court granted Defendant's motion to dismiss with respect to two of the three claims against it; namely, the

---

[1] The PSA and MLPA are attached as Exhibit 1 and Exhibit 2 to the Proposed Amended Complaint, respectively.

claim for monetary damages for the Noticed Loans and the claim as to the Non-Noticed Loans. (Order, ECF No. 51.) The Order also permitted Plaintiff to seek leave to amend its Complaint, if amendment would not be futile. (*Id.* at 12 n.8.)

Plaintiff requested leave to amend by letter and provided this Court with a Proposed Amended Complaint ("PAC"). (Letter, ECF No. 54 & Ex. A.) The PAC only alleges two causes of action for breach of contract.[2] Defendant opposes Plaintiff's request and argues that leave to amend should be denied as futile. (Opp'n, ECF No. 56.) In response, Plaintiff claims it has alleged sufficient facts which address the concerns specified in this Court's Order. (Reply, ECF No. 59.) For the reasons that follow, Plaintiff's request for leave to amend its claims is GRANTED.

## LEGAL STANDARD

Courts should freely permit plaintiffs leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). But by its terms, this rule is not absolute. The Supreme Court long ago identified reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." that justify denying a movant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to file an amended pleading should be denied when the amendment would be futile. *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012) (citing *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 127 (2d Cir. 2007)). A proposed amendment is futile when it "could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l*

---

[2] The First Cause of Action seeks specific performance of Citigroup's repurchase obligation under the Agreements for the Noticed Loans. (Am. Compl. ¶ 73.) The Second Cause of Action similarly seeks specific performance of this obligation for the Non-Noticed Loans. (*Id.* ¶ 83.)

2

*Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Rather, to state a facially plausible claim, *Iqbal* requires a party to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* For the purposes of a 12(b)(6) motion, the plaintiff's well-pleaded facts are assumed to be true and all reasonable inferences therefrom are construed in the light most favorable to the plaintiff, the non-moving party. *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009) (citing *Roth v. Jennings*, 489 F.3d 499, 501 (2d Cir. 2007)).

**First Cause of Action**

This Court previously held that Plantiff's First Cause of Action sufficiently pleaded a breach of contract claim that withstood Defendant's motion to dismiss. (*See* Order at 1, 12.) In that prior ruling, this Court further found that Plaintiff could not assert an independent claim for damages for breach of contract because it was limited to the sole remedy provision set forth in the parties' Agreements. (*Id.* at 8-9.) The First Cause of Action pleaded in the PAC seeks specific performance of Citigroup's repurchase obligation under the Agreements: "specifically, that [Citigroup] must repurchase *or otherwise make the Trust whole for*" breaches of R&Ws for the Noticed Loans. (PAC ¶ 73 (emphasis added); *see also id.* ¶ 83 (seeking similar relief under the Second Cause of Action).) Citigroup opposes this proposed amendment on the grounds that it is an effort "to revive the dismissed Second Cause of Action by merging it into the other

3

causes of action." (Opp'n at 2 n.1.) Defendant's objection to the addition of this language to the PAC does not concern the sufficiency of Plaintiff's pleading, but is instead directed towards the remedy Plaintiff may seek for loans that have been liquidated. However, the relief to which Plaintiff may be entitled does not bear on the adequacy of its allegations for purposes of a 12(b)(6) motion. As explained in this Court's prior Order, whether liquidated loans can be repurchased is "inappropriate for resolution on a motion to dismiss." (*See* Order at 8 n.5.)

**Second Cause of Action**

Plaintiff seeks to re-plead, through its Second Cause of Action, a claim for breach of contract against Defendant Citigroup for its alleged failure to: (i) notify the parties of breaches of R&Ws it discovered, and (ii) cure the breaches it discovered or repurchase the defective loans within ninety days. (*See* PAC ¶ 81; *see also* PSA § 2.03(a) & MLPA § 6 (describing Citigroup's notification and cure or repurchase obligations).) Citigroup argues that the new allegations in the PAC "constitute nothing more than a recitation of numbers and percentages derived from due diligence records without the benefit of any well-pleaded facts concerning *any actual alleged breach* of any of the fifty-three [R&Ws]." (Opp'n at 2 (emphasis original).) Under New York law, a party claiming breach of contract must establish: "(1) the existence of a contract, (2) performance of the contract by one party, (3) breach [of the contract] by the other party, and (4) damages suffered as a result of the breach." *Beautiful Jewellers Private Ltd. v. Tiffany & Co.*, 438 F. App'x 20, 21-22 (2d Cir. 2011). In contrast to the original Complaint, the PAC pleads additional facts concerning the circumstances of Citigroup's alleged discovery which are adequate to state a claim for relief for breach of contract.

Plaintiff sufficiently alleges that: (1) the PSA and MLPA are valid and enforceable agreements, which closed on April 30, 2007; (2) Plaintiff performed its contractual duties in

4

connection with holding the loans in the Trust by seeking to enforce the R&Ws; (3) Citigroup breached the Agreements by failing, upon the alleged discovery of breaches of R&Ws, to notify the parties of the breaches and to fulfill its cure or repurchase obligation; and (4) Plaintiff suffered damages as a result of Citigroup's breach.[3] (*See* PAC ¶¶ 21, 35, 43-55, 75-83.) This Court previously found the claim as to the Non-Noticed Loans to be deficient given the absence of facts regarding the alleged breach; for instance, whether due diligence was conducted on the loans, and when and by whom the discovery of breaches of R&Ws took place. (Order at 10-11.) Here, the PAC addresses these deficiencies by alleging that: Clayton Holdings, Inc. and 406 Partners conducted due diligence on the loans in the Trust prior to securitization; the due diligence took place between January 1, 2007 and April 30, 2007; the firms notified Citigroup of material defects in 198 mortgage loans in the Trust[4]; and this notification took place by way of reports from these firms dated February 2007 (and through "periodic reports" generally). (*See* PAC ¶¶ 45, 49, 51.) Construing all well-pleaded allegations in the light most favorable to the Plaintiff (as this Court must, *see Arar*, 585 F.3d at 567), Plaintiff has pleaded adequate facts to show that Citigroup conducted due diligence on loans in the Trust and was notified of certain breaches of R&Ws at least by February 2007.[5]

Plaintiff bolsters its claim by pleading that Citigroup discovered breaches of R&Ws in at least thirty-four Non-Noticed Loans (and 162 Noticed Loans) in light of Clayton and 406 Partners' due diligence reviews. (*See* PAC ¶¶ 52-54.) All 196 loans are listed by loan number in

---

[3] Plaintiff alleges that "the Trust has suffered over $354 million in realized losses as of April 2013, including over $196 million in realized losses with respect to Group II [loans]." (PAC ¶ 35.)

[4] According to the PAC, the mortgage loans in this lawsuit consist of two groups, Group I (2,776 loans) and Group II (2,170 loans). (PAC ¶ 19.) Clayton "found, and informed Citigroup of, material defects in fourteen" of the Group II loans. (*Id.* ¶ 49.) 406 Partners "found, and informed Citigroup of, material defects in 184" of the Group II loans. (*Id.* ¶ 51.) Plaintiff used "[b]orrower names, social security numbers and/or street addresses" to match the loans in the two firms' due diligence reviews with the loans at issue in this case. (*Id.* ¶ 51 n.12.)

[5] In finding that Plaintiff has stated a claim for breach of contract, this Court relies on Plaintiff's specific allegations regarding the due diligence reviews that were conducted on the loans at issue in this case.

5

the PAC. (PAC, Ex. 4.) Moreover, the February 2007 Clayton report submitted to Citigroup found that 83% of the loan sample reviewed contained a breach of R&Ws—a close match to the 79% breach rate determined from a subsequent, independent review of the loans. (*See* PAC ¶¶ 36-37, 49; Reply at 2.) The statistical similarity between the reviews suggests some overlap between the breaches, many of which appear to have persisted following Citigroup's notification in February 2007 and the securitization of the loans in April 2007. The specific loan numbers identified and the results of the separate reviews of the loans can enable this Court to "draw the reasonable inference that [Citigroup] is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678.

In opposition to the proposed amendments, Citigroup claims that Plaintiff's "new allegations with respect to the 196 loans cited in the [PAC] would be barred by New York's six year statute of limitations for breach of contract." (Opp'n at 3 (citing N.Y. C.P.L.R. § 213(2)).) Under Federal Rule of Civil Procedure 15(c)(1)(B), an amended pleading relates back to the date of the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." In this case, the proposed amendments concerning the Second Cause of Action simply provide additional facts to support the same allegation that Plaintiff attempted to plead in its original Complaint: that Citigroup allegedly discovered breaches of R&Ws, and failed to notify the parties of these breaches or to cure or repurchase the loans within the contractually specified ninety-day period. (*See* PSA § 2.03(a); MLPA § 6.) Therefore, in accordance with Rule 15(c), the Second Cause of Action relates back to the date of the originally filed Complaint and is not time-barred for the same reasons stated in this Court's prior Order. (*See* Order at 3-5.)

The PAC adequately alleges the necessary elements to sustain a breach of contract claim for the Non-Noticed Loans, and the allegations are timely filed. Plaintiff's request for leave to amend its Second Cause of Action is therefore GRANTED.[6]

## CONCLUSION

Plaintiff's request for leave to amend the Complaint is GRANTED.

Dated: New York, New York
   November 14, 2014

SO ORDERED.

*George B. Daniels* (signature)
GEORGE B. DANIELS
United States District Judge

---

[6] Defendant's request for "leave to file a motion to dismiss the new cause(s) of action raised by [Plaintiff] in any amended complaint" is hereby DENIED. (*See* Opp'n at 3.)

7